**Debbie URBAN, Plaintiff–Appellee,**

v.

**DOLGENCORP OF TEXAS, INC., Defendant–Appellant.**

**No. 03–11276.**

United States Court of Appeals, Fifth Circuit.

Jan. 27, 2005.

Rowland B. Foster, Foster & Foster, Anson, TX, Brian Paul Sanford, Emily Michael Stout, Sheils, Winnubst, Sanford & Bethune, Richardson, TX, for Urban.

Joel S. Allen, Baker & McKenzie, William Charles Murley, Littler Mendelson, Dallas, TX, for Dolgencorp of Texas, Inc.

Ann Elizabeth Reesman, McGuiness, Norris & Williams, Washington, DC, for EEAC, Amicus Curiae.

Andrew S. Golub, Dow, Golub, Berg & Beverly, Houston, TX, John Wallace Griffin, Jr., Houston, Marek & Griffin, Victo-

ria, TX, for American Diabetes Ass'n, Amicus Curiae.

## ORDER ON REHEARING

Before DeMOSS, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:

The petition for panel rehearing is DENIED. The court, having considered the request for rehearing, *amicus* brief, and response, clarifies the panel opinion as follows.

The district court granted partial summary judgment in favor of Urban, reasoning that Dollar General was required to notify Urban pursuant to the cure provision in 29 C.F.R. § 825.305(d). *Urban v. Dolgencorp of Tex., Inc.*, 2003 WL 21804916, 2003 U.S. Dist. LEXIS 15334 (N.D.Tex. Aug. 6, 2003). This Court, interpreting § 825.305(d), found that a non-existent medical certification is not an "incomplete" certification for purposes of that subsection. *Urban v. Dolgencorp of Tex., Inc.*, 393 F.3d 572 (5th Cir.2004). We hereby clarify that we REVERSE the district court's grant of partial summary judgment as to Urban's 29 C.F.R. § 825.305(d) claim, and REMAND this case to the district court for further pro-

---

ceedings not inconsistent with our decision interpreting § 825.305(d).